Emanuel A. FREITAS

v.

Joseph M. CRUSO.

No. 2003–461–Appeal.

Supreme Court of Rhode Island.

Feb. 15, 2005.

Emanuel Freitas, plaintiff pro se.

Peter J. Comerford, Providence, for defendant.

ORDER

This case presents some of the most difficult and troubling issues a trial justice confronts: citizens who, for one reason or another, real or perceived, cannot get along and resort to the courts for restraining orders. The *pro se* plaintiff, Emanuel A. Freitas (Freitas or plaintiff), was granted a preliminary injunction, by a justice of the Superior Court, barring the defendant, Joseph M. Cruso (Cruso or defendant), from "harassing, interfering with, molesting, or threatening" Freitas. The defendant appeals to this Court, arguing that the hearing justice erred in granting an injunction in the absence of specific findings that Cruso exhibited anything more than mere hostility towards Freitas.[1]

This case came before the Supreme Court on February 2, 2005, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. When the plaintiff failed to appear at the scheduled oral argument, this Court announced that, under Rule 22(f) of the Supreme Court Rules of Appellate Procedure, it would decide the case based on the papers submitted. After careful review of the record and the memorandum submitted by the defendant,[2] we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time.

Because we are presented with a preliminary injunction, we apply a higher standard of review than if a permanent injunction were before us. Our review is limited "to a determination of whether the hearing justice abused [his or her] discretion." *Iggy's Doughboys, Inc. v. Giroux*, 729 A.2d 701, 705 (R.I.1999). Our careful review of the record reveals that, although the hearing justice, in a very brief hearing, did not elaborate on the factors considered, it is implicit in his decision that he carried out the proper analysis.[3] *See School Committee of the Town of North Kingstown v. Crouch*, 808 A.2d 1074, 1077 (R.I.2002) (refusing to vacate preliminary injunction despite lack of explicit findings on factors considered).

At the hearing, the defendant failed to present any evidence to contradict the tes-

1. The plaintiff testified that he received threatening phone calls from defendant, that defendant said he would murder plaintiff, and that defendant came to plaintiff's house, pounded on the door and rang the doorbell.

2. The plaintiff has not filed any memoranda with regard to this appeal.

3. In *Iggy's Doughboys, Inc. v. Giroux*, 729 A.2d 701, 705 (R.I.1999), we set forth the findings that warrant a grant of a preliminary injunction:

"[T]he hearing justice should determine whether the moving party (1) has a reasonable likelihood of success on the merits, (2) will suffer irreparable harm without the requested injunctive relief, (3) has the balance of the equities, including the possible hardships to each party and to the public interest, tip in its favor, and (4) has shown that the issuance of a preliminary injunction will preserve the status quo."

timony of the plaintiff, which, the hearing justice found, was corroborated by an audio tape recording. Accordingly, we are not convinced that the hearing justice inappropriately exercised or abused his discretion. For the reasons set forth herein, we deny and dismiss the appeal and return the papers in this case to the Superior Court.